# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRACY WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS, NJ, et al.,<br><br>　　　　Defendants. | Civil Action No. 18-15986 (RBK)(JS)<br><br>**OPINION** |

**<u>ROBERT B. KUGLER, U.S.D.J.</u>**

　　Plaintiff Tracy Williams alleges that he was formerly confined at Bayside State Prison, in Leesburg, New Jersey. He is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## I.  BACKGROUND

　　The Court will construe the allegations of the complaint as true for the purpose of this Opinion. Plaintiff names the New Jersey Department of Corrections and Commissioner Gary M. Lanigan as Defendants in this matter. This case arises from Plaintiff's work history while incarcerated.

　　The Court gleans from the sparse allegations in the Complaint that Plaintiff worked at the prison at some point during his thirty years in the Defendants' custody. (ECF No. 1, at 8). Plaintiff then received work credits which could have been, but were not, "used for the remission of his sentence." (*Id.*). Defendants also maintained an inmate trust account for Plaintiff's prison wages and invested those funds to accrue some amount of interest, but Plaintiff never received that interest. (*Id.*).

Plaintiff now raises Fourteenth Amendment due process and equal protection claims against the Defendants. More specifically, under the Equal Protection Clause, Plaintiff contends that he "has a right to monetary compensation for work credits earned and not used for the remission of [his] sentence." (*Id.*). Under the Due Process Clause, Plaintiff contends that he "has a right to monetary compensation for interest accrued in his account while he was in custody." (*Id.*).

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678.  Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Piecknick v. Com. of Pa.,* 36 F.3d 1250, 1255–56 (3d. Cir. 1994)).

**A. Claims Against the New Jersey Department of Corrections and Defendant Lanigan in His Official Capacity.**

As an initial matter, to be liable within the meaning of 42 U.S.C. § 1983, a defendant must be a "person." The Supreme Court held in *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989), that a State or an official therof acting in his or her official capacity is not a "person" within the meaning of § 1983.

Further, under the Eleventh Amendment, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  This immunity is available to all States, as well as any entity that is "an arm of the state." *See Mt. Healthy City Bd. of Educ. v. Boyle*, 429 U.S. 274, 280 (1977).

In general, the Eleventh Amendment bars suits from private parties seeking to impose liabilities on public funds in a State's treasury, unless the State explicitly waives such immunity.

3

*Bell v. Holmes*, No. 13-6955, 2015 WL 851804, at *3 (D.N.J. Feb. 23, 2015). Thus, in order for a State or one of its agencies to be subject to a suit for money damages, it must consent to such a suit.

In this case, Plaintiff has filed suit against the New Jersey Department of Corrections ("NJDOC") and then Commissioner Gary Lanigan, an agent of the Department of Corrections. In the Third Circuit, courts have consistently held that the NJDOC and its subsidiaries are not "persons" subject to liability under § 1983 as they are immune from suit in federal court under the Eleventh Amendment. *See Wilson v. Haas*, No. 11-7001, 2012 WL 6761819, at *5 (D.N.J. Dec. 28, 2012); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989). Further, since Defendant Lanigan is an agent of a state entity, he is not a "person" within the meaning of § 1983 when acting in his official capacity. *See Betts v. New Castle Youth Development Center*, 621 F.3d 249, 254 (3d Cir. 2010) ("Individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity"). Because the NJDOC and Defendant Lanigan in his official capacity are not "persons" within the meaning of 42 U.S.C. § 1983, the Court will dismiss the complaint with prejudice as to the NJDOC and Defendant Lanigan in his official capacity.

The Court must now determine whether Plaintiff states a claim against Defendant Lanigan in his *individual* capacity.

### B. Equal Protection Claim

First, Plaintiff contends that Defendant Lanigan's failure to compensate him for "work credits earned and not used for the remission of [his] sentence" violates the Fourteenth Amendment's Equal Protection Clause. (ECF No. 1, at 8). To establish an equal protection claim, a plaintiff must allege that he is either: (1) a member of a protected class and defendants treated him differently from members of an unprotected class, or (2) he belongs to a "class of one" and

4

defendants treated him differently from others similarly situated without any rational basis for the difference in treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 563 (2000); *Loyal v. Lanigan*, No. 15-5769, 2016 WL 4545308, at *4–5 (D.N.J. Aug. 30, 2016).

With those principles in mind, Plaintiff does not allege that he is a member of any protected class, nor does he allege that he belongs to a "class of one." In fact, Plaintiff fails to allege that he was treated differently, for any reason, or allege how Defendant Lanigan treated any other prisoners in this context. *See, e.g., Loyal*, 2016 WL 4545308, at *4–5; *Wofford v. Lanigan*, No. 14-5723, 2015 WL 9480016, at *5 (D.N.J. Dec. 28, 2015). Accordingly, as Plaintiff fails to allege any facts to support an equal protection violation, the Court will dismiss this claim without prejudice.

### C. Due Process Claim

Next, Plaintiff argues that Defendant Lanigan's failure to provide him with the interest accrued in his trust account violates the Fourteenth Amendment's Due Process Clause. Under the Fourteenth Amendment's Due Process Clause "[n]o state . . . shall deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "In order to state a due process claim, Plaintiff must demonstrate that he was deprived of an interest protected by the Fourteenth Amendment." *Loyal*, 2016 WL 4545308, at *4–5 (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006)).

The Constitution does not create property interests, rather "existing rules or understandings that stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits" are what create and define property interests. *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). To have a property interest in a benefit, Plaintiff "must have

5

more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.*

The Court construes the complaint to allege that Plaintiff has a property interest in the interest accrued on his prison wages. As an initial matter, the Court observes that inmates have a property interest in funds that were *already* in their prison accounts and are thus entitled to due process to any deprivation of such funds. *Reynolds v. Wagner*, 128 F.3d 166, 179 (3d Cir. 1997). The core of Plaintiff's claim, however, is that Defendants had never "disbursed the interest" to Plaintiff. (ECF No. 1, at 8).

Plaintiff contends that he has a right to that accrued interest pursuant to N.J.A.C. § 10A:2-2.2(b). Under § 10A:2-2.2(a), "[i]nmate accounts of a correctional facility *may* be maintained" in an interest-bearing bank or savings institution. *Id.* (emphasis added). Because the language of that provision is permissive rather than mandatory, an inference arises that the provision does not *require* Defendants to place an inmate's funds into an interest-bearing account. *See Wofford*, 2015 WL 9480016, at *3–4 (addressing permissive language in the context of paying inmates for work generally). Accordingly, Plaintiff had no "legitimate claim of entitlement" to the accrued interest, because its existence was entirely discretionary. *Wofford*, 2015 WL 9480016, at *3–4.

More critically, however, under § 10A:2-2.2(b), "[i]nterest accruing on inmate accounts *shall* be transferred on a periodic basis, at least once annually, to the Inmate Welfare Fund." *Id.* (emphasis added). Consequently, the code provision explicitly deprives Plaintiff of any right to the interest accrued on his inmate trust account. *See Washlefske v. Winston*, 234 F.3d 179, 185 (4th Cir. 2000) (holding that plaintiff was not "entitled to the interest" earned on inmate funds because Virginia's inmate compensation statute vested the right to control such interest with prison authorities, for the benefit of inmates generally).

6

Taken together, because the decision to invest Plaintiff's funds into an interest-bearing account was discretionary and because New Jersey's administrative code explicitly deprived Plaintiff of the accrued interest, Plaintiff had no property interest in the accrued interest under the Fourteenth Amendment. Accordingly, the Court will dismiss with prejudice Plaintiff's Fourteenth Amendment due process claim.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice the claims against the NJDOC and Defendant Lanigan in his official capacity. Additionally, the Court will dismiss without prejudice Plaintiff's equal protection claim and dismiss with prejudice Plaintiff's due process claim, against Defendant Lanigan in his individual capacity. An appropriate Order follows.

Dated: May 3, 2019            s/Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                    United States District Judge